3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SUMMER UCHIN,**<br>**Plaintiff,** | FILED | **CIVIL ACTION** |
| **v.** | JUN 04 2019 | |
| **CONDO ROCCIA KOPTIW, LLP,**<br>**Defendant.** | KATE BARKMAN, Clerk<br>By ______ Dep. Clerk | **NO. 18-5584** |

**MEMORANDUM OPINION**

Plaintiff Summer Uchin brings this suit against her former employer, Defendant Condo Roccia Koptiw, LLP, alleging that she was unlawfully terminated in violation of various anti-discrimination employment statutes. Defendant now moves to dismiss portions of the First Amended Complaint for failing to state a claim. For the foregoing reasons, the motion will be denied.

## I. FACTS[1]

In 2011, Plaintiff began working as a docketing coordinator for Defendant, a Philadelphia-based law firm. At all times relevant here, Plaintiff's work was overseen by the firm's Managing Paralegal, Jennifer Rassa, and the firm's named partners—Joseph Condo, Vince Roccia, and Michael Koptiw. Up until 2015, Plaintiff received strong performance reviews for her work, and was awarded annual pay raises and bonuses.

In October 2015, Plaintiff became pregnant, though she did not disclose that information to her employer or coworkers for several weeks. On November 1, 2015, in a conversation amongst Plaintiff, Rasa, and other employees about another co-worker's pregnancy announcement, Rasa stated that "nobody else better be pregnant because I cannot stand it."

On December 1, 2015, Plaintiff met with Rassa and Condo, and disclosed the fact that

[1] The following facts come from Plaintiff's First Amended Complaint and are treated as true for purposes of resolving Defendant's motion.

she was pregnant. Condo then informed Plaintiff that, due to an "accounting error," she would not be receiving a year-end bonus. When Plaintiff asked about the purported error, Condo did not provide any further explanation.

After the December 1 meeting, Plaintiff had additional negative experiences with Rassa and other members of staff. On May 19, 2016, Rassa abruptly cancelled Plaintiff's mid-year review, explaining that they would hold the meeting after Plaintiff returned from maternity leave. Upon her return to work in September 2016, Rassa stopped returning Plaintiff's emails and refused to meet with her in person. Plaintiff made a complaint to Condo and Koptiw regarding Rassa's purportedly discriminatory conduct. The partners promised to investigate the issue but never did. On November 30, 2016, Koptiw criticized Plaintiff's poor communication at work over the preceding six months—a time period that corresponded to her return from maternity leave. On December 15, 2016, Plaintiff met with Rassa and the named partners for her annual "review preview day." At the meeting, Plaintiff was informed that she would again not be receiving a raise or bonus.

Meanwhile, in December 2016, Plaintiff was diagnosed with anxiety. On January 12, 2017, Plaintiff requested a leave of absence for the period from January 20 to February 17, which Defendant granted. On February 13, Plaintiff was cleared to return to work as planned, but Defendant informed her that she should not report back until February 21, 2017. Upon her return to work that morning, Plaintiff met with Condo and Roccia, who terminated her employment.

Plaintiff obtained a right to sue letter and now brings claims for: (1) pregnancy discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d *et. seq.* ("Title VII"); (2) retaliation in violation of Title VII; (3) disability discrimination in violation of the Americans' with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* ("ADA");

(4) retaliation in violation of the ADA; (5) pregnancy discrimination in violation of the Pennsylvania Human Relations Act, 43 Pa. C.S.A. §§ 951, *et seq*. ("PHRA"); (6) disability discrimination in violation of the PHRA; and, (7) retaliation in violation of the PHRA, *id.* at § 955(d). Defendant moves to dismiss Plaintiff's Title VII claims as well as her PHRA claims based on pregnancy discrimination.

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The district court must "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "[U]nder Rule 12(b)(6), the defendant has the burden of showing no claim has been stated." *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991).

## III. DISCUSSION

The parties frame the relevant inquiry as whether the First Amended Complaint establishes a *prima facie* case of pregnancy discrimination and retaliation under Title VII and correspondingly under the PHRA. *See Huston v. Procter & Gamble Paper Prod. Corp.*, 568 F.3d 100, 104 n.2 (3d Cir. 2009) ("The proper analysis under Title VII and the Pennsylvania Human Relations Act is identical, as Pennsylvania courts have construed the protections of the two acts interchangeably."). At this early stage of the litigation, however, such a searching review of the pleadings is inappropriate, as "a complaint need not establish a *prima facie* case in order to survive a motion to dismiss." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 788-89 (3d

Cir. 2016); *see id.* ("A *prima facie* case is an evidentiary standard, not a pleading requirement and hence is not a proper measure of whether a complaint fails to state a claim.") (internal quotation marks and citations omitted). Instead, to survive a motion to dismiss, a complaint must set forth only "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary [*prima facie*] elements." *Id.* (internal quotation marks omitted). Here, the Complaint has met the applicable standard as to both her pregnancy discrimination and retaliation claims.

**A. Pregnancy Discrimination**

The elements of a pregnancy discrimination claim are: (1) the plaintiff was pregnant and the employer knew of the pregnancy; (2) she was qualified for the position; (3) she suffered an adverse employment action; and, (4) a nexus existed between the pregnancy and the adverse employment action. *See Doe v. C.A.R.S. Prot. Plus, Inc.*, 527 F.3d 358, 365 (3d Cir. 2008). The first two elements are easily met here: Plaintiff alleges that she was pregnant, informed Defendant of that fact on December 1, 2015, and received excellent workplace reviews up until 2015.

The First Amended Complaint also alleges sufficient facts as to the third element—that Plaintiff suffered an adverse employment action. Adverse action is "an action by an employer that is serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment." *Storey v. Burns Int'l Sec. Servs.*, 390 F.3d 760, 764 (3d Cir. 2004). Here, Plaintiff alleges was fired from her job, which "is the quintessential adverse employment action." *Dove v. Cmty. Educ. Centers Inc.*, 2012 WL 5403508, at *4 (E.D. Pa. Nov. 5, 2012). Thus, the Complaint pleaded sufficient facts as to the adverse action element.[2]

[2] Defendant argues that Plaintiff did not suffer an adverse action when it failed to award her a year-end bonus. The Third Circuit has never squarely addressed whether denial of a bonus constitutes adverse employment action,

That leaves the nexus prong. At this stage of the litigation, Plaintiff must "allege[] facts that could support a reasonable inference of a causal connection" between her pregnancy and her ultimate termination, *Connelly*, 809 F.3d at 792, such as allegations of "temporal proximity between the two if unusually suggestive . . . any intervening antagonism by the employer, inconsistencies in the reasons the employer gives for its adverse action, and any other [allegations] suggesting that the employer had a [discriminatory] animus when taking the adverse action," *Daniels v. Sch. Dist. of Philadelphia,* 776 F.3d 181, 193 (3d Cir. 2015).

Here, the Complaint contains sufficient allegations of Defendant's antagonism towards pregnancy and Plaintiff to support a plausible inference of causation. For one, there is Rassa's statement in November 2015 that "nobody else better be pregnant[.]" Although Plaintiff had not informed others of her pregnancy at that time, the statement plausibly supports an inference that Defendant evidenced a hostility to pregnancy in the workplace, which could have contributed to Plaintiff's eventual termination. In addition, Plaintiff alleges facts demonstrating that, after she informed Defendant of her pregnancy, her relationship with her supervisors became strained—Rassa abruptly cancelled her mid-year review in May and then stopped communicating with her altogether; Defendant promised to investigate Rassa's conduct, but failed to do so; Koptiw criticized Plaintiff's poor communication at work; and, the firm's partners declined to give Plaintiff a bonus or pay raise with only minimal explanation, even though she had received a

---

suggesting only in a non-precedential decision that a "lower than expected merit wage increase or bonus *probably does not constitute* an adverse employment action." *Tucker v. Merck & Co.*, 131 F. App'x 852, 857 (3d Cir. 2005) (emphasis added). The courts of appeals that have addressed the issue have reached conflicting outcomes. *Compare Rabinovitz v. Pena,* 89 F.3d 482, 488-489 (7th Cir. 1996) ("[L]oss of a bonus is not an adverse employment action . . . where the employee is not automatically entitled to the bonus"), *with Russell v. Principi*, 257 F.3d 815, 819 (D.C. Cir. 2001) ("[W]e reject the notion that a denial of a monetary bonus is not a cognizable employment action under Title VII."). Here, the Court need not determine whether Plaintiff can recover for pregnancy discrimination on the basis that Defendant denied her year-end bonuses because the First Amended Complaint alleges that Plaintiff was fired, which is all that is needed to survive the motion to dismiss. *See Barlow v. Pep Boys, Inc.*, 625 F. Supp. 130, 132 (E.D. Pa. 1985) ("The plaintiff need only state a set of facts giving rise to a claim, and not the legal theory behind the claim, so long as the defendant has enough information to frame an answer and to commence discovery."); *see also Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 811 (1988) ("The well-pleaded complaint rule . . . focuses on claims, not theories.").

bonus every year prior. *See Connelly*, 809 F.3d at 792-93 (finding allegations that plaintiff's "relationship with both her supervisors and . . . co-workers became increasingly strained throughout the year . . . support a reasonable inference of a causal connection") (internal quotation marks omitted). Taken together, the allegations of Defendant's antagonism to pregnancy generally and to Plaintiff in particular support a plausible inference that discovery will reveal evidence of a causal connection between Plaintiff's pregnancy and her eventual termination.

**B. Retaliation**

The elements of a retaliation claim are: (1) the plaintiff engaged in activity protected by Title VII; (2) she suffered an adverse employment action; and, (3) a nexus existed between the protected activity and adverse action. *Id.* at 792. Here, the first two elements are easily met. First, Plaintiff engaged in protected activity by making a complaint about Rassa's purportedly discriminatory treatment. *Slagle v. Cty. of Clarion*, 435 F.3d 262, 268 (3d Cir. 2006) ("A plaintiff need only allege discrimination on the basis of race, color, religion, sex, or national origin to be protected from retaliatory discharge under Title VII"). And, as discussed, Plaintiff suffered an adverse employment action when she was fired. *Dove*, 2012 WL 5403508, at *4.

That, again, leaves the nexus prong. Although the allegations of retaliatory animus are weaker than the allegations concerning discriminatory animus, they nevertheless suffice. *Cf. Fowler*, F.3d at 211-12 ("Although [the] complaint is not as rich with detail as some might prefer, it need only set forth sufficient facts to support plausible claims."). Plaintiff alleges that, following her complaint, the firm's partners: promised to investigate the matter, but did not; complained of her work performance; and, declined to extend her a bonus with little explanation, even though she had received a bonus every year prior to 2015. The allegations of an

"increasingly strained" work environment following the complaint are enough to support a reasonable inference that discovery will reveal evidence of retaliatory animus. *Connelly*, 809 F.3d at 792.

Thus, Plaintiff has adequately pleaded facts to support her Title VII and PHRA claims, and Defendant's motion to dismiss those claims will be denied.

An appropriate order follows.

**June 3, 2019**

**BY THE COURT:**

**WENDY BEETLESTONE, J.**